IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHACOLBY SORRELLS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Case No. 3:23-cv-2589-K |
| | § | |
| SANTANDER CONSUMER USA, | § | |
| INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Santander Consumer USA, Inc. ("Santander") has filed a Motion for
Judgment on the Pleadings under Rule 12(c), *see* Dkt. No. 24, Motion for Summary
Judgment, *see* Dkt. No. 42, and a Motion to Strike Portions of Plaintiff's Appendix,
*see* Dkt. No. 51.

These motions have been referred to the undersigned United States magistrate
judge for recommendation under 28 U.S.C. § 636(b) and an order of reference from
United States District Judge Ed Kinkeade. *See* Dkt. No. 52.

For the reasons explained below, the Court should grant Santander's Motion
for Summary Judgment [Dkt. No. 42] and Motion to Strike Portions of Plaintiff's
Appendix [Dkt. No. 51] and deny as moot Santander's Motion for Judgment on the
Pleadings under Rule 12(c) [Dkt. No. 24].

## Background

Plaintiff Shacolby Sorrells filed this lawsuit against her former employer, Defendant Santander. *See* Dkt. No. 1. She sues Santander under the Americans with Disabilities Act ("ADA") for disability discrimination and retaliation. *See* Dkt. No. 11.

Sorrells's disability discrimination claim is based on Santander "fail[ing] to engage in the interactive process of providing [Sorrells] with reasonable accommodations" then terminating her employment. *Id.* at 9. And, so, the undersigned construes Sorrells's disability discrimination allegations as an ADA failure-to-accommodate and wrongful termination claim. And Sorrells alleges that she was retaliated against for seeking reasonable accommodations for her disabilities. *See id.*

Sorrells began working at Santander in 2010 and was employed as a Collections Manger in its Richland Hills, Texas office. *See id.* at 2, 4. She alleges that she has disabilities, which include anxiety, depression, and ADHD, and that she "suffers from panic attacks." *Id.*

Sorrells asserts that she applied for and was granted medical leave "to address the symptoms associated with her disability" beginning in June 2019. *Id.* at 5. She further alleges that, while on medical leave, she requested "to work at a different location as a reasonable accommodation for her disability," and, specifically, the Dallas office. *Id.* Sorrells states that "Santander's response was that her leave would be extended to October 16, 2019." *Id.*

In October 2019, Sorrells submitted a request to extend her leave of absence through March 2020. *See* Dkt. No. 44 at 117-24. Darlene Dudley – Senior Benefits Specialist at Santander – responded that Santander had approved Sorrells's request for an extended leave accommodation but only though November 30, 2019, at which time Santander would reevaluate her request. *See id.* at 132. And, in response to Sorrells's follow-up question concerning her request for reassignment to the Dallas location, Ms. Dudley stated that a decision would be made once Sorrells had been cleared to return to work. *See id.* at 130-31.

On November 19, 2019, Ms. Dudley informed Sorrells that Santander was unable to approve her request to extend her leave of absence through March 2020 "due to it imposing undue hardship on the operations of the business" and that she would need to contact HR if she were unable to return to work on December 2, 2019. *Id.* at 137. Ms. Dudley also stated that Sorrells "must obtain a doctor's note releasing [her] to return to work." *Id.*

On December 12, 2019, Ms. Dudley emailed Sorrells with a letter (the "ADA Determination letter") that summarized Sorrells's leave requests, identified that she had not returned to work by the expected date, and granted her a leave of absence extension through December 22, 2019 "to allow [Sorrells] additional time to return to work." *See id.* at 142-43. The ADA Determination letter also advised Sorrells that if she was unable to return to work on December 23, 2019, her employment with Santander would be terminated. *See id.* at 143.

-3-

On December 19, 2019, Sorrells emailed Ms. Dudley and others and explained that she was "still seeking ADA accommodation for reassignment to the Dallas location and c[ould] be immediately released to return to work at the Dallas location." *Id.* at 146. Sorrells added that her doctor "is and has been willing to provide a return to work release since 8/2019 as per the ADA accommodation request that you / the business received 8/2019 requesting a location reassignment to a vacant position to the same or equivalent position to the Dallas location based on my skill set and tenure." *Id.*

Ms. Dudley responded to Sorrells's email the next day, in which she essentially reaffirmed the contents of the ADA Determination letter and stated that Sorrells was "welcome to apply for open positions" at Santander once she was able to return to work. *Id.* at 145.

Sorrells did not return to work by December 23, 2019 and was subsequently terminated. *See id.* at 344.

On January 27, 2020, Sorrells filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC"). *See id.* at 151-53. After receiving a right-to-sue letter, *see id.* at 155, Sorrells then filed this lawsuit.

Santander initially filed a motion for judgment on the pleadings under Rule 12(c), which remains pending before the Court. *See* Dkt. No. 24. Santander then moved for summary judgment on Sorrells's claims. *See* Dkt. No. 42.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the

movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the

nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation

marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)).

"[W]hen the moving party has carried its burden under [Federal Rule of Civil Procedure] 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e). And "[o]nly disputes over facts that might affect the outcome of the suit under the

governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (internal quotation marks and emphasis omitted). And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential

element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

### Santander's Motion to Strike

Santander has filed a motion to strike the "Work/School Excuse" document and certain statements in the Declarations of Shacolby Sorrells and Britney Haymond, which were filed in Plaintiff's Appendix in Support of its Response to Defendant's Motion for Summary Judgment [Dkt. No. 48]. *See* Dkt. No. 51. Sorrells did not respond to the motion.

But a motion to strike is not necessary to challenge summary judgment evidence. Courts consider objections to evidence offered in support of or in opposition to motions for summary judgment in conjunction with the actual motion for summary judgment as opposed to a separate motion to strike, similar to the practice of objecting to evidentiary offerings at trial. *See Pem-Air Turbine Engine Services LLC v. Gupta*, No. 3:21-CV-180-L-BN, 2024 WL 1317798, at *2 (N.D. Tex. Mar. 27, 2024).

And, so, the undersigned will consider the motion to strike as raising objections only.

**A. Objection to Work/School Excuse Document**

Santander objects to the Work/School Excuse document [Dkt. No. 48 at 4] as containing inadmissible hearsay.

Santander contends that the Work/School Excuse document purports to show that "Sorrells had been seen at Medical City North Hills on June 13, 2019, and was at that time permitted to return to work in two days with no restrictions." Dkt. No. 51 at 3.

The Court agrees that Sorrells offers the Work/School Excuse document for the truth of the matter that she "was in fact released to return to work" shortly after she suffered a medical episode. Dkt. No. 47 at 11.

And, so, the hearsay objection is sustained.

**B. Objects to Declarations**

Federal Rule of Civil Procedure 56(c) requires that an affidavit or declaration used to support or oppose a motion for summary judgment (1) be made on personal

knowledge, (2) set forth facts that would be admissible in evidence, and (3) show affirmatively that the affiant is competent to testify to the matters stated. *See* FED. R. CIV. P. 56(c)(4).

Declarations asserting personal knowledge must include enough factual support to show that the declarant possesses that knowledge. *See Amie v. El Paso Indep. Sch. Dist.*, 253 F. App'x 447, 451 (5th Cir. 2017). A statement is not within a declarant's personal knowledge if the statement is based on information and belief. *See Ripple v. Marble Falls Indep. Sch. Dist.*, 99 F. Supp. 3d 662, 673 (W.D. Tex. 2015).

Conclusory declarations cannot create fact issues to defeat a summary judgment. *See First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009); *see also Amie*, 253 F. App'x at 451 (summary assertions or conclusory allegations in a declaration are simply not enough proof to raise a genuine issue of material fact). "[U]nsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003) ("Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence.").

Hearsay in an affidavit or declaration used to support or oppose a summary judgment motion is inadmissible. *See Floyd's v. Chilly's L.L.C. of Alabama*, Civil Action No. 15-00544-BAJ-RLB, 2017 WL 1455024, at *4 (M.D. La. Apr. 21, 2017) (citing *Fowler v. Smith*, 63 F.3d 124, 126 (5th Cir. 1995)).

Santander objects to the below paragraph in Ms. Haymond's Declaration:

> 4.    In addition, I have personal knowledge that my colleague took the following notes on August 8, 2019: We discussed the nature/culture in her work environment. Client appears to be in a toxic environment that triggers her anxiety and alters her ability to be effective at work.

Dkt. No. 48 at 5-6.

Santander objects to this statement as hearsay, conclusory, and made without proper foundation. *See* Dkt. No. 51 at 4.

While Ms. Haymond lays the foundation for how she has personal knowledge of the "notes" taken by her "colleague" in August 2019, the statement she quotes is being offered for the truth of the matter in support of Sorrells's contention that the "toxic environment" she worked in at Santander triggered her disabilities and affected her ability to work.

And, so, the hearsay objection to paragraph 4 in Ms. Haymond's declaration is sustained.

Santander also objects to the following statements in Sorrells's Declaration:

- Instead of considering my requests to transfer, Santander kept extending my leave of absence.

- While on leave, I continued my efforts for a transfer to resume work. These requests were either ignored or dismissed.

- In December 2019, I accessed the company's public job postings and submitted to Darlene Dudley, Senior Benefits Specialist several job

listings that were in line with my skill set. Unfortunately, Santander was dismissive and—again—only provided extended leave.

- Santander eventually terminated me, claiming I only wanted extended leave rather than to actually return to work.

Dkt. No. 48 at 7-8.

Santander objects to these statements as conclusory and made without proper foundation. *See* Dkt. No. 51 at 4-5.

Sorrells has not shown that she has personal knowledge of Santander's internal decision making or what it "claimed" regarding her employment. And Sorrells's statements that Santander "ignored" her requests or was "dismissive" are conclusory.

And, so, the objections to these statements in Sorrells's declaration are sustained.

## Analysis

### I.    Failure to Exhaust Administrative Remedies

The ADA prohibits an employer from "discriminat[ing] against a qualified individual on the basis of disability" by, among other things, terminating the individual's employment. 42 U.S.C. § 12112(a). And the ADA prohibits an employer from retaliating against an employee for exercising or enjoying a right protected by the statute. *See* 42 U.S.C. § 12203(a)–(b).

"Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court." *Taylor v. Books A Million, Inc.*, 296 F.3d 376,

378–79 (5th Cir. 2002). To exhaust administrative remedies, the plaintiff must "file [] a timely charge with the EEOC and receive [] a statutory notice of right to sue." *Id.* at 379 (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir. 1996)). One of the exhaustion requirement's "central purposes ... is to put employers on notice of 'the existence and nature of the charges against them.'" *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 878 (5th Cir. 2003) (quoting *EEOC v. Shell Oil Co.*, 466 U.S. 54, 77, 104 S. Ct. 1621, 80 L.Ed.2d 41 (1984)).

"In determining whether a plaintiff has exhausted a particular claim, 'the scope of an EEOC complaint should be construed liberally.'" *Jennings v. Towers Watson*, 11 F.4th 335, 342 (5th Cir. 2021) (quoting *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 443 (5th Cir. 2017) (quoting *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006))). The scope of a plaintiff's complaint "is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Thomas v. Tex. Dep't Crim. Just.*, 220 F.3d 389, 395 (5th Cir. 2000) (citing *Young v. City of Hous.*, 906 F.2d 177, 179 (5th Cir. 1990)) (finding that the district court abused its discretion when it permitted a race discrimination claim under Title VII when the EEOC charge dealt with only gender discrimination).

As a matter of principle, different claims under the ADA (e.g., disparate treatment, retaliation, failure to accommodate) "represent distinct categories of disability discrimination under the ADA." *Hamar v. Ashland, Inc.*, 211 F. App'x 309, 310 (5th Cir. 2006) (per curiam) ("The EEOC could not reasonably have been expected, when presented with a claim alleging disparate treatment arising on

August 29, 2003, to investigate the entirely distinct failure-to-accommodate claim arising from January 2003 through June of 2003."). And, so, to properly exhaust administrative remedies, the plaintiff must provide specific facts that support each claim that would trigger the EEOC to investigate each claim. *See, e.g., Pacheco*, 448 F.3d at 789 ("We engage in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label.").

Although failing to check a box on the EEOC charge is not fatal to a retaliation claim, "[d]iscrimination and retaliation claims are distinct," and a court may find that a plaintiff did not exhaust administrative remedies when "the factual statement in [the plaintiff's] EEOC charge did not put [the defendant] on notice that [the plaintiff] was asserting a retaliation claim." *Frazier v. Sabine River Auth. La.*, 509 F. App'x 370, 374 (5th Cir. 2013) (per curiam). Similarly, merely checking the box for retaliation on the EEOC charge is not sufficient if the plaintiff fails to allege any facts concerning retaliation that would have put the EEOC on notice about the possibility of a retaliation claim. *See Givs v. City of Eunice*, 512 F. Supp. 2d 522, 536–37 (W.D. La. 2007) (citing *Randel v. U.S. Dep't of Navy*, 157 F.3d 392, 395 (5th Cir. 1998)).

A court in this district found that the plaintiff failed to exhaust administrative remedies for disability discrimination because she "summarily state[d] that she believed that she was discriminated against based on disability in violation of the ADA," without providing facts supporting a claim of disability discrimination in either her EEOC charge or her complaint with the court. *Jones v. City of Dall.*, No.

3:22-cv-1477-L, 2024 WL 3207030, at *6 (N.D. Tex. June 6, 2024), *report and recommendation adopted* 2024 WL 3718064 (N.D. Tex. Aug. 7, 2024). In contrast, the Fifth Circuit found that the plaintiff properly exhausted her administrative remedies for retaliation claims when the plaintiff alleged that she was denied reasonable accommodations and then was terminated five days later by her employer. *Williams v. Tarrant Cnty. Coll. Dist.*, 717 F. App'x 440, 445 (5th Cir. 2018) (per curiam). There, the court found that the plaintiff exhausted her administrative remedies despite not checking the retaliation box or even mentioning "retaliation" in her charge because she described the general nature of her retaliation claim. *Id.* at 446.

Here, Santander contends that Sorrells failed to exhaust her administrative remedies as to her discrimination and retaliation claims because "her Charge was devoid of any of the central and necessary facts on which she now based her claims in her Complaint, and thus her Complaint far exceeds the scope of the EEOC investigation that could reasonably be expected to grow out of her Charge." Dkt. No. 43 at 21. Sorrells argues that she properly exhausted administrative remedies because "all the allegations in [her] complaint are like or related to the allegations in her charge." Dkt. No. 47 at 9.

Sorrells checked the box for "retaliation" and "disability" in her EEOC Charge. *See* Dkt. No. 44 at 151. Her Charge states the following:

PERSONAL HARM:
On or about December 26, 2019, I was discharged from my employment with the above-named Respondent. I was discharged while on medical leave.

RESPONDENTS REASON FOR ADVERSE ACTION:

-16-

The Respondent informed me that I had to return from work from my medical leave on December 23, 2019, and I was not medically able to return to work on that date.

DISCRIMINATION STATEMENT
I believe that I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

*Id.*

Santander asserts that "Sorrells did not include in her Charge a claim of failure to accommodate, or even failure to engage in the interactive process," "did not even allege in her Charge that she made a request for an accommodation, let alone what accommodation was requested or that Santander failed to engage in the interactive process," and "failed to allege in her Charge any facts necessary to exhaust her retaliation claim." Dkt. No. 50 at 9. Santander also contends that "Sorrells'[s] Charge does not allege facts necessary to exhaust her wrongful termination claim." *Id.*

But Sorrells argues – in response to Santander's motion for judgment on the pleadings – that the Court should consider the Supplemental Information and her Rebuttal to Santander's Position Statement to be part of her Charge. *See* Dkt. No. 26 at 8-11.

For example, in her Rebuttal to Santander's Position Statement, Sorrells states that she "made several requests via email to HR and verbally to [Ms. Dudley] on December 3, 2019 for an alternate accommodation such as possible reassignment [and] transfer to a vacant position in the Dallas location. *Id.* at 9. And, in the "Supplemental Information" provided to the EEOC, Sorrells states that Santander

"refused reassignment to a vacant position to the Dallas location as an accommodation." Dkt. No. 44 at 149.

And, so, the threshold question the Court must answer is what documents it may consider to determine whether Sorrells exhausted her discrimination and retaliation claims. *See Holmes v. Thomson Reuters (Tax & Acct.), Inc.*, No. 3:19-CV-0993-M, 2020 WL 215813, at *4 (N.D. Tex. Jan. 13, 2020).

Defendants contend that this Court should apply the rule established by Judge Fitzwater in *Hayes v. MBNA Tech., Inc.*, No. 3:03-cv-1766-D, 2004 WL 1283965 (N.D. Tex. June 9, 2004), which states that,

> [W]hen determining whether a claim has been exhausted, the decision is to be based on the four corners of the EEOC charge, but the court may also consult related documents, such as a plaintiff's affidavit, her response to the EEOC questionnaire, and attachments to the response, when (1) the facts set out in the document are a reasonable consequence of a claim set forth in the EEOC charge, and (2) the employer had actual knowledge of the contents of the document during the course of the EEOC investigation.

*Id.* at *6.

"The *Hayes* rule is generally applied when a plaintiff asks the court to consider additional documents that were filed separately, either temporally or physically, from the formal charge." *Holmes*, 2020 WL 215813, at *4; *see also e.g., Clemmer v. Irving Indep. Sch. Dist.*, No. 3:13-CV-4997-D, 2016 WL 1161784, at *5 (N.D. Tex. Mar. 22, 2016) (applying *Hayes* test to documents submitted to the EEOC before the plaintiff's charge); *Kelly v. Capitol One Auto Fin.*, No. 3:08-CV-0266-D, 2008 WL 2653202, at *4 (N.D. Tex. July 7, 2008) (same).

Here, Defendants contend that the Court should apply the *Hayes* test because Sorrells's Supplemental Information and her Rebuttal to Santander's Position Statement were "filed separately, both temporally and physically, from her formal Charge." Dkt. No. 43 at 22-23.

At the outset, the Court will not consider Sorrells's Rebuttal to Santander's Position Statement because "[i]n the Fifth Circuit, the exhaustion inquiry focuses on the scope of the investigation that could reasonably be expected to grow out of the charge of discrimination, not what could reasonably be expected to grow out of a complainant's response to a Position Statement." *Nunez-Renck v. Int'l Bus. Machines Corp.*, No. 3:23-CV-1308-D, 2024 WL 4995572, at *6 (N.D. Tex. Dec. 5, 2024).

As for Sorrells's Supplemental Information provided to the EEOC the day before the filing of her Charge, Sorrells cites *Patton v. Jacobs Engineering Group, Inc.*, 874 F.3d 437, 443 (5th Cir. 2017) for the proposition that, in the Fifth Circuit, a plaintiff's intake questionnaire should be considered part of [their] formal charge. *See* Dkt. No. 26 at 10.

But, in *Patton*, the plaintiff filed the intake questionnaire together with his formal charge on the same day. *See Patton*, 874 F.3d at 443.

And Sorrells ignores the Fifth Circuit's holding in *Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333 (5th Cir. 2021), which rejected the plaintiff's argument that their intake questionnaire qualified as a charge of discrimination because the intake questionnaire was not verified as required by EEOC regulations and the defendant-employer never received notice of the intake questionnaire during the EEOC

investigation. *See id.* at 338-39; *see also Patton*, 874 F.3d at 443 (explaining that an intake questionnaire that "is not verified as required by EEOC regulations .... cannot be deemed a charge.").

In following the *Hayes* test and the Fifth Circuit's holding in *Ernst*, the Court declines to consider Sorrells's Supplemental Information because, at a minimum, there is no indication that it was signed and verified. *See* 29 C.F.R. § 1601.9. And it is undisputed that Santander never received notice of or had actual knowledge of the contents of the Supplemental Information during the EEOC investigation. *See* Dkt. No. 44 at 255 (declaring that Santander was not made aware of the contents of the Supplemental Information submitted by Ms. Sorrells to the EEOC until Santander obtained it through discovery in this litigation); *accord Clemmer*, 2016 WL 1161784, at *5 (finding that the court cannot consider the plaintiff's intake questionnaire and other filings that cover her hostile work environment claim in construing the scope of their EEOC charge because plaintiffs have failed to present any evidence that defendant had notice of these filings or their contents; cleaned up).

And, so, the undersigned is limited to the four corners of Sorrells's EEOC charge when determining whether she exhausted her discrimination and retaliation claims.

The Court should find that Santander has shown beyond peradventure that Sorrells failed to exhaust administrative remedies for a failure to accommodate disabilities or for retaliation for seeking reasonable accommodations under the ADA.

Requests for accommodation are discrete acts, and each request must be independently exhausted. *See Henson v. Bell Helicopter Textron, Inc.*, 128 F. App'x 387, 391 (5th Cir. 2005); *Profit v. Klein Indep. Sch. Dist.*, Civ. No. H-14-0850, 2015 WL 3866720, at *9-*10 (S.D. Tex. June 23, 2015).

And a request for an accommodation based on a particular condition will not exhaust a request for an accommodation for a different condition. *See Drake v. Spring Indep. Sch. Dist.*, No. 20-20376, 2021 WL 3176081, at *4 (S.D. Tex. July 27, 2021) (holding exhaustion of one incident of failure to accommodate did not exhaust a separate incident); *Henderson v. City of Dallas*, No. 3:16-cv-3317-S, 2018 WL 4326936, at *10 (N.D. Tex. Sept. 10, 2018) (granting summary judgment for failure to accommodate claims that were not included in the EEOC charge).

In her Charge, Sorrells states that Santander "informed [her] that [she] had to return from work from [her] medical leave on December 23, 2019," that "she was not medically able to return to work on that date," and that she "was discharged while on medical leave." Dkt. No. 44 at 151. She then summarily states that she believed that she was discriminated against based on disability in violation of the ADA. *See id.*

Sorrells does not include facts regarding her disability, her requested accommodation, or when she requested an accommodation. *See id.*

But, in her Complaint, Sorrells alleges that the Santander failed to accommodate her request – premised on anxiety, depression, ADHD, and panic attacks, *see* Dkt. No. 11 at 2 – to be transferred to a different work location, *see id.* at 9 (alleging that Santander failed to engage in the interactive process of providing

Sorrells with reasonable accommodations and was terminated rather than reassigned); *id.* at 10 (explaining that Sorrells's retaliation claim was based on her "pointed and explicit request in writing to be transferred to another work location.")

And, so, there is not enough in the charge to lead the EEOC to investigate the alleged discrimination for failure-to-accommodate or retaliation for seeking reasonable accommodations asserted in Sorrells's First Amended Complaint. *Accord Jones v. City of Dall.*, 2024 WL 3207030, at *6 (finding the same).

Sorrells also failed to exhaust administrative remedies to the extent that she asserts a claim for discrimination and, specifically, wrongful termination under the ADA.

In her Charge, Sorrells summarily states that she believed that she was discriminated against based on disability in violation of the ADA. *See* Dkt. No. 44 at 151. And while Sorrells asserts that she "was discharged while on medical leave," she says nothing about discrimination based on her disabilities. *Id.*

But failure to accommodate, disparate treatment, and retaliation "represent distinct categories of disability discrimination under the ADA." *Hamar*, 211 F. App'x at 310 (analyzing failure to accommodate and disparate treatment claims). The EEOC cannot reasonably have been expected, when presented with Sorrells's bare allegations in her Charge, to investigate a distinct claim for disparate treatment under the ADA.

And, in her First Amended Complaint, Sorrells uses the term "discrimination" and states that she was "terminated" instead of being "reassigned or

promoted." Dkt. No. 11 at 9. But she does not allege any facts that would distinguish her wrongful termination claim under the ADA from her retaliation and failure-to-accommodate claims.

And, so, it is unclear whether Sorrells asserts a discriminatory termination claim – but, if she does, she has failed to exhaust administrative remedies as to that claim.

Because Santander has established beyond peradventure that Sorrells did not administratively exhaust her ADA discrimination and retaliation claims, the Court should dismiss this action with prejudice. *Accord Nunez-Renck*, 2024 WL 4995572, at *6.

## II.    Only in the alternative, the Court should grant summary judgment based on Santander's other arguments.

The undersigned will also address below Santander's arguments for summary judgment that Sorrells was not a qualified individual for purposes of her ADA discrimination claims and that Sorrells has not shown a causal connection for purposes of her ADA retaliation claim. But the undersigned does so only in the alternative because, if the Court disagrees with the undersigned's primary recommendation above, the Court will need to reach these arguments as to Sorrells's claims.

### A.  The Court should grant summary judgment on the ADA failure-to-accommodate claim.

To prevail on an ADA failure-to-accommodate claim, a plaintiff must show that: "(1) the plaintiff is a qualified individual with a disability; (2) the disability and

its consequential limitations were known by the covered employer; and (3) the employer failed to make reasonable accommodations for such known limitations." *Milteer v. Navarro Cnty., Tex.*, 652 F. Supp. 3d 754, 762 (N.D. Tex. 2023) (quoting *Feist v. La. Dep't of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (cleaned up)).

Santander contends that "Sorrells was not qualified for her position as Collections Manger or any other position" because "she could not come to work." Dkt. No. 43 at 26. And, insofar as Sorrells claims that she could not perform essential functions of her job unless she was reassigned to a position in the Dallas office, Santander asserts that she cannot raise an issue of material fact as to whether she was a qualified individual under the ADA.

To be "qualified" under the ADA, Sorrells must be able to "perform the essential functions" of a Collections Manger at Santander "with or without reasonable accommodation." 42 U.S.C. § 12111(8).

> There is general consensus among courts, including [the Fifth Circuit], that regular work-site attendance is an essential function of most jobs. *See, e.g., Hypes on Behalf of Hypes v. First Commerce Corp.*, 134 F.3d 721, 727 (5th Cir. 1998) (per curiam) (collecting cases); *E.E.O.C. v. Ford Motor Co.*, 782 F.3d 753, 761 (6th Cir. 2015) (en banc) ("[The] general rule [is] that, with few exceptions, 'an employee who does not come to work cannot perform any of his job functions, essential or otherwise.'" (quoting *EEOC v. Yellow Freight Sys., Inc.*, 253 F.3d 943, 948 (7th Cir. 2001) (en banc))). This is especially true when the position is interactive and involves a significant degree of teamwork. *Hypes*, 134 F.3d at 727 ("[T]eam work under supervision generally cannot be performed at home without a substantial reduction in the quality of the employee's performance." (alteration in original) (quoting *Vande Zande v. State of Wis. Dept. of Admin.*, 44 F.3d 538, 544 (7th Cir. 1995))); *accord Ford Motor Co.*, 782 F.3d at 761 ("[M]ost jobs require the kind of teamwork, personal interaction, and supervision that simply

cannot be had in a home office situation." (quoting *Rauen v. U.S. Tobacco Mfg. L.P.*, 319 F.3d 891, 896 (7th Cir. 2003))).

*Credeur v. Louisiana Through Office of Attorney Gen.*, 860 F.3d 785, 793 (5th Cir. 2017).

Santander argues that Sorrells was not a qualified individual because "at the time she demanded that Santander reassign her to a position at the Dallas office and at the time of her termination, she had not been released to work to any position." Dkt. No. 43 at 27.

Courts have regularly held that an employee who fails to provide a release is not a qualified individual under the ADA. *See, e.g., Rogers v. International Marine Terminals, Inc.*, 87 F.3d 755, 759 (5th Cir. 1996) (holding that a disabled employee was not a qualified individual when he had not yet been released by his physician to return to work); *Crews v. Dow Chemical Company*, 287 Fed. Appx. 410, 412 (5th Cir. 2008) (holding that discharged employee was not a qualified individual when the employee's physician stated that she could not return to work); *Gantt v. Wilson Sporting Goods Company*, 143 F.3d 1042, 1047 (6th Cir. 1998) ("[B]ecause she was not released by her doctor to return to work, she has not met the second requirement that she be qualified to perform the essential functions of the job.").

In response, Sorrells attaches two exhibits, which she believes raises a fact issue as to whether Sorrells was released to work and, so, a qualified individual under the ADA. *See* Dkt. No. 47 at 11.

Sorrells contends that the fist exhibit – the Work/School Excuse Document [Dkt. No. 48 at 4] – shows that she "was in fact released to work shortly after she had her medical episode due to Santander's toxic environment." Dkt. No. 47 at 11.

And she asserts that the second exhibit – Ms. Haymond's Declaration [Dkt. No. 48 at 5-6] – shows that "another medical provider communicated to [Sorrells] she would have released [Sorrells] back to work at any other location other than her previous location that triggered her disabilities." Dkt. No. 47 at 11.

Apart from the evidentiary issues concerning these documents, which the undersigned addressed above, neither of these documents show that Sorrells was, in fact, released to work after she began leave in June 2019. *See* Dkt. No. 44 at 32 (July 2019 FMLA Leave Application showing that Sorrells began leave on June 17, 2019).

The undisputed summary judgment evidence – including Sorrells's subsequent requests for accommodations and leave, her deposition testimony, and her EEOC Charge – shows that Sorrells was never released to work between the time she went on leave in June 2019 and her termination in December 2019. *See id.* at 36-43 (August 2019 Accommodation Request), 117-24 (October 2019 Accommodation Request), 311 (Sorrells's Deposition), 151 (EEOC Charge stating that Sorrells "was not medically able to return to work" on December 23, 2019).

And, so, Sorrells cannot show that she was a qualified individual under the ADA.

But, even if Sorrells was a qualified individual under the ADA, she fails to raise a genuine issue of material fact as to whether Santander failed to offer reasonable accommodations.

An employee's request for an accommodation triggers an obligation on behalf of the employer to engage with good faith in an interactive process to identify an appropriate accommodation. *See Jurach v. Safety Vision, LLC*, 642 F. App'x 313, 318 (5th Cir. 2016) (citing *Griffin v. United Parcel Service, Inc.*, 661 F.3d 216, 224 (5th Cir. 2011)).

The purpose of this required interaction is for the parties to identify reasonably available accommodations. *See id.* (citing *Loulseged v. Akzo Nobel Inc.*, 178 F.3d 731, 735-36 (5th Cir. 1999) (explaining the need for a bilateral dialogue due to information asymmetry)). The exact contours of the process are unique to each case. *See id.* An employer is liable when its unwillingness to participate in the process leads to a failure to reasonably accommodate. *See id.* (citing *Griffin*, 661 F.3d at 224).

But "[a]n employer that 'demonstrates good faith efforts' to engage in the interactive process and to make a reasonable accommodation is shielded from liability." *See id.* (cleaned up; citing 42 U.S.C. § 1981a(a)(3)). "The appropriate accommodation need not be the employee;s preferred accommodation, and the employer is free to choose the less expensive accommodation or the accommodation that is easier for it to provide." *Thompson v. Microsoft Corp.*, 2 F. 4th 460, 469 (4th Cir. 2021). "An employer satisfies the requirement if it engages in the process in good

faith, even if the employee rejects the reasonable accommodations that are offered." *Jurach*, 72 F. Supp. 3d at 709.

Based on the summary judgment evidence, Santander accommodated Sorrells's disabilities by initially granting and extending her leave of absence on multiple occasions. And, throughout her leave spanning about six months, Santander demonstrated good faith in the interactive process to make reasonable accommodations until Sorrells's request for extended leave (through March 2020) would "impos[e] undue hardship on the operations of the business." Dkt. No. 44 at 137; *see also Silva v. City of Hidalgo, Texas*, 575 Fed. Appx. 419, 423–24 (5th Cir. 2014) ("Reasonable accommodation does not require an employer to wait indefinitely for the employee's medical conditions to be corrected." (quoting *Rogers*, 87 F.3d at 760)).

And, insofar as Sorrells argues that Santander did not accommodate her request to transfer to Santander's Dallas location to "escape Defendant's toxic work environment, which includes bullying and harassment," Dkt. No. 47 at 12, the Court should find that Sorrells's request "to avoid personal difficulties" was not a reasonable accommodation. *Saenz-Holt v. Nicholson*, No. A-06-CA-259 LY, 2007 WL 9709994, at *12 (W.D. Tex. Nov. 9, 2007) (collecting cases and explaining that "a number of courts have found a request for a transfer merely to avoid personal difficulties in the workplace is not a reasonable accommodation.").

And, so, Sorrells's ADA failure to accommodate claim should be dismissed with prejudice.

**B. The Court should grant summary judgment on the ADA retaliation claim.**

To show an unlawful retaliation, a plaintiff must establish a *prima facie* case of (1) engagement in an activity protected by the ADA, (2) an adverse employment action, and (3) a causal connection between the protected act and the adverse action. *Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999).

If a plaintiff can prove a prima facie case for disability retaliation, the burden shifts to the defendant to show a non-retaliatory reason for the alleged adverse employment action. *McDonnell Douglas*, 411 U.S. at 802.

If a defendant satisfies its burden, the plaintiff must then show that the defendant's asserted reason was merely pretext for the real retaliatory purpose. *Id.* at 804-05.

Like Title VII retaliation cases, the plaintiff in an ADA retaliation case must ultimately prove that the adverse employment action would not have occurred "but-for" the protected activity, and the plaintiff must reveal a "conflict in substantial evidence on the ultimate issue of retaliation in order to withstand a motion for summary judgment." *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir. 1998).

But a plaintiff need not show that she suffers from an actual disability to maintain a retaliation claim under the ADA. *See Tabatchnik v. Cont'l Airlines*, 262 F. App'x 674, 676 (5th Cir. 2008). A reasonable, good faith belief that the statute has been violated will be sufficient. *See id.*

Sorrells cannot show a causal connection between engaging in protected activity under the ADA and the termination of her employment.

Sorrells alleges that she engaged in protected activity when she requested reasonable accommodations "in the form of a transfer" to Santander's Dallas location. Dkt. No. 47 at 14.

But to establish a causal link, "a plaintiff must demonstrate that the employer's decision 'was based in part on knowledge of the employee's protected activity.'" *Lyons*, 964 F.3d at 305 (quoting *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 684 (5th Cir. 2001)); *see also Clark*, 952 F.3d at 588-89. In other words, to avoid summary judgment, "the plaintiff must show 'a conflict in substantial evidence' on the question of whether the employer would not have taken action 'but for' the protected activity." *Feist v. La. Dep't Just, Off. Att'y Gen.*, 730 F.3d 450, 454 (5th Cir. 2013) (quoting *Long v. Eastfield Coll.*, 88 F.3d 300, 308 (5th Cir. 1996)).

Sorrells presents no summary judgment evidence that shows Santander knew of Sorrells's purported accommodation request and protected activity because she never submitted documentation from her healthcare providers identifying purported limitations requiring her to be transferred to Santander's Dallas office. *See Delaval v. PTech Drilling Tubulars, L.L.C.*, 824 F.3d 476, 482 (5th Cir. 2016) ("The employer need not take the employee's word for it that [he] ... has an illness that may require special accommodation;" cleaned up).

Sorrells also fails to show that she was treated worse than similarly situated employees outside of her protected class or that Santander departed from its typical

policies and procedures. *See Molden v. East Baton Rouge Parish Sch. Bd.*, 715 F. App'x 310, 318 (5th Cir. 2017).

And Santander had a legitimate, non-retaliatory reasons for terminating Sorrells's employment because she did not return to work at the conclusion of her approved leave of absence. *See* Dkt. No. 44 at 142-43, 344. And, so, Sorrells's ADA retaliation claim should be dismissed with prejudice.

### C. **The Court should grant summary judgment on any ADA discriminatory termination claim.**

To establish a prima facie case of discrimination under the ADA, the plaintiff must demonstrate "(1) that [s]he has a disability; (2) that [s]he was qualified for the job; (3) that [s]he was subject to an adverse employment decision on account of [her] disability." *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 853 (5th Cir. 1999) (citing *Robertson v. Neuromedical Ctr.*, 161 F.3d 292, 294 (5th Cir. 1998) (per curiam)); *see also Dabbasi v. Motiva Enters., LLC*, 107 F.4th 500, 508 (5th Cir. 2024). Once the plaintiff has done so, "the burden shifts to the employer to 'articulate a legitimate, nondiscriminatory reason' for its actions," after which the plaintiff bears "the burden to prove that the employer's explanation was a pretext for discrimination." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 470 (5th Cir. 2021) (citation omitted).

As discussed above, it is unclear if Sorrells is asserting a claim for discriminatory termination under the ADA.

But, if she is, she cannot establish a prima facie case because Sorrells has failed to show that she was a qualified individual under the ADA and Santander had a legitimate, non-discriminatory reason for terminating Sorrells's employment.

And, so, any ADA discriminatory termination claim should be dismissed with prejudice.

## Recommendation

For the reasons explained above, the Court should grant Santander's Motion for Summary Judgment [Dkt. No. 42] and Motion to Strike Portions of Plaintiff's Appendix [Dkt. No. 51] and deny as moot Santander's Motion for Judgment on the Pleadings under Rule 12(c) [Dkt. No. 24].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: July 18, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE